HENRY C. F. KOCH, Appellant, v. THOMAS W. HAWKINS, Respondent.

St. Louis Court of Appeals, April 29, 1890.

Ejectment: ASSESSMENT OF VALUE OF IMPROVEMENTS : NOTICE OF PROCEEDINGS TO PLAINTIFF IN EJECTMENT. If a plaintiff recover judgment in an action of ejectment, and the defendant, after the term of court at which the judgment was rendered, proceeds under the statute (R. S. 1879, sec. 2259) to recover compensation for improvements made by him in good faith on the land sued for, notice of this proceeding must be given to the plaintiff in the action ; but, if the plaintiff is a non-resident, the plaintiff may be brought into court by publication for the purpose of such proceeding.

*Appeal from the Marion Circuit Court.*—HON. THOS. H. BACON, Judge.

REVERSED AND REMANDED.

*Bristow & Lighter,* for the appellant.

The trial court, by its refusal to grant the peremptory writ of *mandamus,* held that it had jurisdiction to render the judgment set out in the case of Cook and Crane *v.* Koch. This was error, as the action, authorized by sections 2259 and 2260, Revised Statutes of 1879, is an independent suit, and the parties must be served with process or brought into court as in ordinary suits. See said sections; also, *Henderson v. Langley,* 76 Mo. 226 ; *McClannahan v. Smith,* 76 Mo. 428 ; *Jasper County v. Wadlow,* 82 Mo. 172 ; *Stump v. Hornback,* 94 Mo. 26. The judgment rendered is not authorized by the statute, even if the court had jurisdiction of the parties to render a judgment in the case. *Stump v. Hornback,* 94 Mo. 26.

*H. J. Drummond,* for the respondent.

( 1 ) The court did not err in overruling the demurrer to respondent's return to the alternative writ of *mandamus,* because it showed that appellant was not entitled to the writ of restitution. Its issuance had been enjoined by the court. For the purpose of this injunction no notice was necessary. R. S. 1879, secs. 2714, 2261 ; High on Injunctions, sec. 32, p. 23. Injunction is the proper remedy in such cases. *Russell v. Defrance,* 39 Mo. 507–514. ( 2 ) The appellant was not entitled to the writ of restitution, because the return of respondent showed that the orders and decrees of the court in the proceeding for compensation for the improvements put on the land had not been complied with, and that appellant had been enjoined from taking possession of the land until he complied with them. The statute, chapter 30, Revised Statutes, 1879, pages 373 to 377, contemplates that the proceedings by an occupying

claimant for compensation for improvements put on land, for which a judgment of eviction has been rendered against him, shall be had under the jurisdiction of the suit for eviction, and that the right to such proceeding originates in and grows out of that suit as a part thereof, and that no original process was necessary, or could have been obtained in this case, to bring appellant into court, and that he was already in for that purpose. The proceeding must be had in the court wherein the judgment of eviction was rendered. *Malone v. Stretch*, 69 Mo. 25. It must be instituted before the party claiming for improvements is evicted. *Malone v. Stretch*, 69 Mo. 27. To be effectual, it must be by injunction. Sec. 2261 of chap. 30, *supra*. And if service of original process was necessary, none could be had in the case of a non-resident (as in this) in time to prevent an eviction, and thus the purpose of the statute would be defeated. No original injunction writ could issue against a non-resident of the state, because it would have no effect on a person beyond its borders, as it operates only *in personam*.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding by *mandamus* against the clerk of the circuit court of Marion county to compel him to issue an execution and writ of restitution in an action of ejectment, wherein the plaintiff recovered a judgment against Fred. Bogar and John C. Crane. The respondent made a return, showing that, at a term subsequent to the rendition of the judgment and prior to an eviction thereunder, H. A. Cook and John C. Crane (the latter one of the defendants in the ejectment suit) filed their petition under the provisions of the statute (Revised Statutes, 1879, section 2259, *et seq.*), praying for an injunction to stay the plaintiff from taking possession until they should be compensated for certain improvements made by them on the land as occupiers in good faith, and for certain moneys which they had

advanced in payment of taxes thereon ; that no process was issued thereon, because the plaintiff in the action of ejectment was a non-resident and could not be, found in Missouri·; that the plaintiff did not appear or make any defense to this petition, but that he was three times solemnly called and made default; and that the court thereupon, in his absence, heard the matter of the petition upon the pleadings and evidence, and made an order under said petition, in pursuance of the statute, and continuing the injunction against the plaintiff, which had been previously granted, until he should comply with such order. A demurrer to this return was overruled ; the plaintiff declined to plead further, final judgment was accordingly rendered, and the plaintiff prosecutes this appeal.

The only question raised by the appellant is, whether the proceeding by petition for compensation for improvements is an independent suit in such a sense as requires the issue and service of new process, in order to give the court jurisdiction to make the order authorized by the statute.

The proceeding authorized by the statute is *sui generis*. The right to compensation for improvements is not given merely to the defendant in the action of ejectment, but is given where a judgment has been rendered in such an action "against a person in the possession, held by himself or by his tenant." In this case Bogar was the tenant in possession, and Cook and Crane, according to their petition for compensation, as described in the return, were his landlords. The proceeding is certainly in some respects an independent proceeding, in the nature or a separate section. This is shown by the case of *Russell v. Defrance*, 39 Mo. 506, where the pleadings in such a proceeding are set out. It is also shown by the language of the statute ( section 2260 of the Revised Statutes of 1879 ), where the petitioner for compensation for improvements is described

as "the plaintiff," and his petition is called "his petition." It has been so regarded by the supreme court in a number of decisions. "It is," said HOUGH, J., "intended to be an independent proceeding, and can only be instituted after final judgment of dispossession shall have been rendered against the defendant in the suit of ejectment." *Henderson v. Langley*, 76 Mo. 226. To the same effect see *McClannahan v. Smith*, 76 Mo. 428; *Jasper County v. Wadlow*, 82 Mo. 172, 179–80. On the one hand, the court cannot enter judgment against the plaintiff in the action of ejectment for the value of the improvements, and enforce the same by execution, but the defendant must proceed under the statute. *Russell v. Defrance, supra.* On the other hand, he cannot proceed under the statute, after eviction, in another court, but must proceed before eviction and in the same court which rendered the judgment in ejectment. *Malone v. Stretch*, 69 Mo. 25. It is a fundamental principle of jurisprudence that a party cannot be affected by any proceeding in a court of justice of which he has had no notice, actual or constructive. Here it is perceived, the proceeding to have an order for compensation for improvements under the statute was instituted after the lapse of the term at which the judgment in ejectment had been rendered. It does not appear that it was instituted upon notice given to plaintiffs in ejectment, or to his attorneys, while the action of ejectment was depending. After the lapse of the term at which the judgment in ejectment was rendered, the parties to that action were out of court in such a sense that they could not be affected by further proceedings in that action, or by further supplementary or subsidiary proceedings, without being brought into court by a new notification in some form provided by law. *George v. Middough*, 62 Mo. 549. Where the law is silent as respects notice to a person whose interests are affected by a proceeding in court, the right to

notice is always implied, and he must be brought into court in some appropriate way before he will be bound. *Ray County v. Barr*, 57 Mo. 290.

It has been argued that the question is governed by other provisions of the statute. By section 2261 of the Revised Statutes of 1879, it is provided: "An injunction may be granted to *stay the plaintiff* from taking possession of the land until the value of the improvements is ascertained, or until the further order of the court." The plaintiff here spoken of is the plaintiff in the action of ejectment. Section 2714 of the chapter of the same statutes relating to injunctions provides as follows: "When an injunction to *stay proceedings* is prayed in the same court where the proceedings were had, no notice of the application shall be necessary, unless prescribed by rules of court." We apprehend that this provision applies only to proceedings which are *pending* at the time when the application for the injunction to stay such proceedings is made. Manifestly it could not be made to apply for the purpose of staying execution on a judgment which has been rendered at a former term; for there the proceeding is ended, except for the purpose of execution, and the parties are out of court.

The return, by stating that the plaintiff was a non-resident; that no process was issued upon the filing of the petition for compensation for improvements, that plaintiff did not appear to defend against the same, but that an order was made upon an inquiry, as upon a judgment by default, inferentially shows that no notice of the proceeding of any kind was served upon him. It, therefore, impliedly shows that the order staying execution, and restitution was made by the court without jurisdiction, or, to say the least, it does not show that it was made with jurisdiction. It, therefore, states no defense to the petition for *mandamus*, and the demurrer to it should have been sustained. It follows

Koch v. Hawkins.

that the judgment of the circuit court must be reversed and the cause remanded. No injustice need be done, since the defendants in the ejectment suit may obtain a preliminary restraining order under the statute, until a hearing on their petition is had, by filing the same and bringing the plaintiff in the ejectment suit into court by publication, unless he will enter his appearance therein by attorneys, who seem to represent his interests. As their prior proceeding is void for want of notice, it seems that they may proceed by a new petition, provided it is filed before eviction, which must be done in order to comply with the decision of the supreme court in *Malone v. Stretch*, 69 Mo. 25.

Judgment reversed and cause remanded. All the judges concur.