J. G. MARLOW, Respondent, v. R. P. LITER, Appellant.

St. Louis Court of Appeals, March 4, 1901.

1. Ejectment: SUIT FOR IMPROVEMENTS: JUDGMENT, NATURE OF. The court should have deducted the rents and other damages, if any, recovered in the action of ejectment, and have given judgment for balance in favor of plaintiff, and enjoined defendant until he paid such balance, giving him reasonable time to make the payment, with the right to claim a further offset for rents as should accrue up to the time of the payment of the said balance fixed by the order of the court.

2. ———: ———: NOTICE AND GOOD FAITH: INSTRUCTION: JURY. As the only issue in this case was the value of the improvements made on the land by respondent in good faith, the instruction submitting a question of damages to a jury was erroneous.

3. ———: STATUTORY NOTICE. The statutory provisions for notice in writing (Revised Statutes 1899, section 3080) is not preclusive, but was intended to suggest an additional method whereby the holder of an adverse title could absolutely conclude the latter, and all persons claiming from and through him upon the issue of notice as affecting subsequent improvements.

4. ———: ———: EQUITABLE NOTICE. The term "equitable notice" as applied in equity to the rights of one who improves real es-

tate under a mistake of title, implies actual knowledge or information of any fact or circumstance that would put a prudent man on inquiry, which, if followed, would lead to a discovery of the adverse title to the land in his possession.

Appeal from Phelps Circuit Court.—*Hon. Leigh B. Woodside, Judge.*

REVERSED AND REMANDED.

### STATEMENT OF THE CASE.

This suit is the sequel to one in ejectment in which the plaintiff herein was defeated. It was instituted to recover certain betterments to the real estate, the title to which was adjudged adversely in the ejectment. The answer denied the statutory grounds of recovery alleged in the petition and prayed that, in the event any recovery was had, it should be offset by the rents and profits recovered in the ejectment. There was a verdict for the plaintiff for $200, upon which the court rendered a personal judgment and award of execution. The defendant appealed.

*Thomas M. & Cyrus H. Jones* for appellant.

(1) The proper verdict for the jury to have rendered in the case would simply have been the finding of the value of the improvements made by plaintiff in good faith. R. S. 1899, secs. 3073, 3075, 3076, 3078. The judgment rendered in this cause was void, because the court could not enter judgment against the plaintiff in ejectment for the value of improvements, and enforce the same by execution. Russell v. Defrance, 39 Mo. 506; Malone v. Stretcher, 69 Mo. 25; Stump v. Hornback, 94 Mo. 26; Cox v. McDivit, 125 Mo. 359; Stump v.

Hornback, 109 Mo. 272. (2) It, therefore, does not lie in the province of the jury in such cases to assess damages, nor in the power of the court to grant affirmative relief by judgment for the value of the improvements. The jury sit to assess the value of the improvements, and under the statute the court can only order that the plaintiff be restrained from taking possession of the land until the value of the improvements made by the claimant in good faith are paid to him. R. S. 1899, sec. 3076; Russell v. Defrance, 39 Mo. 506. (3) The effect of the instruction above given by the court would be to say to the occupying claimant: make all the improvements that you desire on the land of another and your compensation for them is secure. Even though you may be sued in ejectment, yet, if for some cause the suit is dismissed, notwithstanding a new suit for possession of the same land is filed against you on the same day, you can take the dismissal of the first suit as a waiver; you need not make such inquiry as would lead to a knowledge of your adversary's title if you honestly follow it, but pile up improvements, in the face of the information you have received, sufficient to absorb the land. The law never intended and will not tolerate any such absurdity. Lee v. Bowman et al., 55 Mo. 400; Speck v. Riggin, 40 Mo. 405; Vaughn v. Tracy, 22 Mo. 415; Parish v. Jackson, 69 Texas 614; Brown v. Baldwin, 121 Mo. 106; Shepherd v. Jernigan, 51 Ark. 275; Doahan v. Murdock, 41 La. Ann. 494.

*Holmes & Hutchison* for respondents.

(1) Appellant's contention that the court could not enter judgment and enforce same by execution, and citing Russell v. Defrance, 39 Mo. 506; Malone v. Stretcher, 69 Mo. 25; Stump v. Hornback, 94 Mo. 26; Cox v. McDivit, 125 Mo. 359; Stump v. Hornback, 109 Mo. 272, can not be upheld. The rule laid

Marlow v. Liter.

down in these decisions have no application to a case like this. The rule in them laid down is, in cases where the plaintiff in ejectment tenders the value of the improvements in his answer to petition for improvements, and where the jury in their verdict find the value of the improvements, and the value of the land aside from the improvements. (2) Instruction number 2, given on behalf of plaintiff Marlow, was correct and properly declared the law as to notice. The question of notice is one of fact and for the jury and the court's action in giving said instruction was proper. Eyerman v. Bank, 84 Mo. 408, and 13 Mo. App. 289; Drey v. Doyle, 99 Mo. 469; Abbe v. Justus, 60 Mo. App. 300; Masterson v. Railroad, 5 Mo. App. 64, and 72 Mo. 342. Under this instruction the jury was properly instructed on the question of notice and good faith. The evidence shows that appellant brought suit in ejectment against C. W. Marlow, and that at the March term of the circuit court of Phelps county, Missouri, when the same came on for trial, appellant voluntarily dismissed the same, and under this evidence the court was warranted in instructing the jury that if they found from the evidence that he had dismissed his suit, that the same might be deemed by claimants as a waiver of his adverse claim of title. The instruction being proper, and the jury being the judges of the weight of the evidence and the questions of notice and good faith, and having found the issues in favor of plaintiff Marlow, this court will not disturb the judgment rendered in their verdict. Dothage v. Stuart, 35 Mo. 251; Devine v. Charles, 71 Mo. App. 210.

BOND, J.—The answer did not ask to recover the value of the land aside from the improvements, nor tender the land for that purpose to the improver. R. S. 1899, sec. 3075; Cox v. McDivit, 125 Mo. 358. Hence, the only issue tendered by it was the value of the improvements put upon the land by the

occupying claimant in good faith and before notice of the adverse title of the defendant. From the amount of the finding on this issue, the court should have deducted the rents and profits or other damages, if any, recovered in the previous action of ejectment, and for the balance thus ascertained, should have declared plaintiff entitled to recover, not by execution, but by retaining possession of the land until defendant should pay such balance, enforcing its order in this respect by injunction. Russell v. Defrance, 39 Mo. 506; R. S. 1899, sec. 3074. The judgment should also have fixed a reasonable time for the payment of this balance, with a right in defendant to claim a further offset for rents and profits which should accrue up to the *time* of payment fixed by the order of the court. Stump v. Hornback, 109 Mo. 272. It follows that the court erred in the rendition of an unconditional judgment for the payment of money against appellant, to be enforced by execution.

II. Appellant complains of certain instructions given for respondent. The first instruction for respondent was erroneous in that it submitted to the jury an issue as to *damages* suffered by the respondent and also another person who was not a party to this action. The issue in this case was solely as to the value of the improvements which permanently enhanced the value of the land, and which were made by the respondent (J. G. Marlow) in good faith and in ignorance of the adverse title of the appellant. Nor do we see any necessity of commenting, as was done in instruction No. 2, upon the effect of a voluntary dismissal by appellant of a former action of ejectment against the grantor of respondent. Under the peculiar circumstances disclosed by the record in this case, the court might well have refrained from any statement of the inference to be drawn from such a dismissal; for the record in this case tends to show that the dismissal was made in open court in the presence of the defendant, and that a new suit was also filed on the same day in

Marlow v. Liter.

the presence of the former defendant, against him and his grantee of the land. If the jury believed this state of facts, it would not follow that the first defendant in the ejectment suit would be warranted in assuming that the adverse title therein asserted had been abandoned.

What constitutes notice, and hence absence of good faith, in cases like the present, has been defined by the Supreme Court in Brown v. Baldwin, 121 Mo. loc. cit. 114, et seq. The statutory provision for notice in writing (R. S. 1899, sec. 3080), is not preclusive, but was intended to suggest an additional method whereby the holder of an adverse title, by giving written notice thereof to the occupying claimant, could absolutely conclude the latter, and all persons claiming from and through him, upon the issue of notice as affecting subsequent improvements. Lee v. Bowman, 55 Mo. 400-403. It was not intended to exclude evidence of facts and circumstances tending to show "notice" as this term is applied in equity to the rights of one who improves real estate under a mistake of title. As used in this connection, the term "notice" implies actual knowledge, or actual information of any fact or circumstance of such a nature as to put a prudent man on inquiry, which, if followed, would lead to a discovery of an adverse title to the land in his possession. This definition necessarily excludes the mere fictional or constructive notice imparted by the records of deeds or the pendency of suits against others. Such theoretic or imputed notice is sufficient to prevent the acquisition of title to the land (103 Mo. loc. cit. 414; 139 Mo. loc. cit. 498), but it does not satisfy the requirements of the notice to an occupying claimant which shall prevent his recovery for lasting improvements permanently enhancing the value of the land. Brown v. Baldwin, 121 Mo. loc. cit. 116; Howard v. Massengale, 81 Tenn. 577. This distinction between the quality of notice as applied to the rights of a purchaser and an occupier of land is probably based upon the

necessity of the case if permission is given to one man to recover at all for improvements put upon the land of another. For if such occupier, having improved the land in the belief that it belonged to him, was cut off from any compensation when the title is adjudged adversely, because it appeared there was a record of such adverse title in suit against others therefor, prior to the making of the improvements; then the equity of the occupier would be cut off in most cases by the event of the suit establishing the title in another, since that result might happen purely from the legal effect of recitals of record affecting the chain of title. But whatever be the reason, the distinction above cited is settled by the decision of the courts.

We have no doubt the learned trial judge, in view of what has been said, will frame correct instructions on the subject of notice and good faith on a second trial. For the foregoing reasons, the judgment herein is reversed and the cause remanded, with permission to the parties to amend the pleadings if they are so advised.