GALLENKAMP, Respondent, v. WESTMEYER et al.,
Appellants.

St. Louis Court of Appeals, February 27, 1906.

1. **EJECTMENT: Improvements: Recovery for Improvements Made by Defendant's Predecessor.** A defendant in an eject-ment suit against whom judgment has been rendered for pos-session may recover against the plaintiff, not only for the value of improvements made by himself, but also for those made in good faith by his predecessor.

2. ——: ——: **Good Faith: Constructive Notice.** A defeated defendant in ejectment may recover for improvements made in good faith believing he had title; he is not charged with con-structive notice of poor title which the records might disclose by a recondite investigation.

3. ——: ——: ——: **Life Estate.** Where the holder of a life estate is defeated in an action of ejectment after the ter-mination of his estate by the remainderman, he may recover for the improvements made in good faith by him, provided he believed he held, and his muniments of title purported to con-vey, in fee simple; in that case he held adversely to the re-mainderman.

4. ——: ——: **Election.** In an action for improvements after judgment in ejectment, the owner of the land must elect in his answer to accept the value of the land and relinquish to the owner of the improvements in order to justify a judgment re-quiring the owner of the improvements to pay the value of the land on the ground that it is worth less than the improve-ments, under section 3076, Revised Statutes 1899.

Appeal from Franklin Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED AND REMANDED.

*J. C. Kiskaddon* for appellant.

(1)    At common law, the occupying claimant who has been defeated in an action of ejectment, is not en-titled to improvements made by himself or his grantors

Gallenkamp v. Westmeyer.

while they were in possession of the premises. Dothage v. Stewart, 35 Mo. 251, 254; Schlemmer v. North, 32 Mo. 106; Stump v. Hornback, 109 Mo. 272, 278, 18 S. W. 37. (2) The statute says, that an unsuccessful party to an ejectment suit may recover for all improvements made by himself in good faith and without notice. It does not say he can recover for such as may have been made by his grantors. R. S. 1899, sec. 3072 et seq. (3) Is there anything in the statute to indicate that it was intended to repeal the common-law right of the remainderman to take the improvements made by the life tenant? The rule is, that the expression of one thing, *i. e.*, that an occupying claimant should have compensation for improvements he made, is the exclusion of another thing, *i. e.*, that he should have compensation for improvements made by his grantor. State v. Fisher, 119 Mo. 344, 24 S. W. 167; Matthews v. Skinker, 62 Mo. 329; Maguire v. State Sav. Ass'n, 62 Mo. 346; Ex parte Snyder, 64 Mo. 61; Kansas City v. Loan Ass'n, 145 Mo. 53, 46 S. W. 624; Bank v. Graham, 147 Mo. 257, 48 S. W. 910; Nichols v. Nichols, 147 Mo. 409, 48 S. W. 947; Taylor v. Pullen, 152 Mo. 438, 53 S. W. 1086. (4) Statutes in derogation of the common law should be confined to the purpose expressed therein and not to be extended beyond it, for in that case the statute might have the effect of changing the common law in some respect never intended. Brown v. Dressler, 125 Mo. 589, 29 S. W. 13; Jackson v. Railroad, 87 Mo. 428; Sarazin v. Railroad, 153 Mo. 485, 55 S. W. 92. (5) One claiming land, is bound to take notice of the muniments of title under which he himself holds, even though he may not be bound to take notice of recorded deeds, affecting his title, under which some one else claims to hold. Picot v. Page, 26 Mo. 415, 16 Am. and Eng. Enc. of Law (1 Ed.), 798, 1 Sto. Eq. Jur. (11 Ed.), sec. 400; Mason v. Black, 87 Mo. 341; Knox Co. v. Brown, 103 Mo. 230, 15 S. W. 382; Poage v. Railroad, 24 Mo. App. 199; Loring v. Groomer, 110 Mo. 641, 19 S.

W. 950; Speck v. Riggin, 40 Mo. 405. (6) Under the rule in equity which govern notice, plaintiff was bound to find and take notice of his muniments of title, whether they were recorded or not. If he found that judgment, as under the rule he must have found it, he had to take notice of the want of jurisdiction to render it. He might honestly believe that the judgment was valid, but such a belief would be a mistake of law and not of fact. There is no relief from a mistake of law, unmixed with a mistake of fact. *Ignorantia legis neminem excusat.* Westmeyer v. Gallenkamp, 154 Mo. 28, 55 S. W. 231; Townsend v. Fenby, 3 Mo. 288; White v. Collier, 5 Mo. 82; Kleimann v. Gieselmann, 114 Mo. 437, 21 S. W. 796; Tydings v. Pitcher, 82 Mo. 379; Hendrix v. Wright, 50 Mo. 311; Price v. Estill, 87 Mo. 378.

*Charles F. Gallenkamp* and *John W. Booth* for respondent.

GOODE, J.—Respondent having been defeated in an action in ejectment instituted by the appellants, brought the present action to recover the value of the improvements made by him and his grantors on the premises. The judgment in ejectment went in favor of appellants for an undivided twenty-one thirtieths interest in the premises. In his petition respondent traces his title from Bernard Westmeyer, the common source of title. Said Westmeyer died in 1854, leaving a widow, Henrietta Westmeyer, and seven children, three of whom are the appellants. From the statements of the petition it appears that the broken link in respondent's chain of title was the judgment in a partition suit instituted by the widow, Henrietta Westmeyer, against the said children, in 1856. In that suit the court having jurisdiction of it, ordered a sale of all lands, including the premises in controversy, whereof Bernard Westmeyer had died seized, and a division of the proceeds of the sale among the children and widow of Westmeyer,

according to their respective interests.   Pursuant to that judgment a judicial sale occurred at which Christian Kruse purchased the lot in controversy and respondent acquired title to it by mesne conveyance from Kruse and his subsequent grantees.   Respondent's title failed as to a twenty-one thirtieths interest in the land because Kruse, the purchaser at the partition sale, instead of acquiring the title in fee, acquired only a life estate in the land for the life of Henrietta Westmeyer, widow of Bernard Westmeyer, deceased; and this was the extent of the estate acquired by respondent.   All the deeds under which respondent claimed title, except two deeds made pursuant to judicial sales, purported to convey a fee simple title to the lot; and those official conveyances were in the usual form and did not on their faces purport to convey a less estate than the fee.   One of them was a deed made pursuant to an administration sale for the payment of debts.   It undertook to convey the entire estate of the decedent in the land and said decedent held a deed purporting to convey to him the fee.   The other deed under a judicial sale was the one following the partition suit.   On its face it conveyed the entire interest of the heirs of Bernard Westmeyer.   The petition further alleges that respondent and the successive grantors under whom he claims title, had made extensive and valuable improvements on the land in good faith and without notice of the superior title on which the appellants recovered judgment in ejectment. Each of the improvements is described.   They consisted of filling the lot to raise it to the grade of the street in front of it and building a residence, carriage-house and other structures.

The answer admitted the allegations of the petition regarding the respondent's chain of title, and that judgment was recovered against respondent by appellants on a superior title.   It averred that all the improvements on the lot were made by respondent's predecessors in title; that though they held no estate in the lot except for the

life of Henrietta Westmeyer, the effect of all the mesne
conveyances from the partition sale, including the deed
to respondent, was to pass only said life estate and not
the fee; that after the termination of the life estate by the
death of said Henrietta, the action in ejectment was in-
tituted by appellants and resulted in a judgment in
their favor; that after the termination of the life estate,
respondent and appellants became tenants in common of
the lot, he owning in fee nine thirtieths and appellants
twenty-one thirtieths; that no improvements were made
by respondent or his predecessors in good faith, but all
were made with knowledge that appellants had some in-
terest in the lot. A replication was filed which admit-
ted that the several conveyances subsequent to the parti-
tion sale, conveyed only the life estate of Henrietta
Westmeyer, but averred that the judgment in partition
purported to be a division of the fee simple estate, and
each of the subsequent conveyances purported to be a
conveyances of said fee simple estate; that respondent
and each of his predecessors had made improvements on
the land without notice of the fact that the state of the ti-
tle was such that the conveyances had only operated to
legally pass title for the life of said Henrietta; that the
improvements were made as alleged in the petition in
good faith and without notice of any title in the appel-
lants. The replication denied that all the improvements
were made by respondent's predecessors and averred that
all save certain enumerated ones were made by respond-
ent himself. The relief prayed was that respondent re-
cover of appellants the value of the improvements, to be
ascertained according to the statutes, and that an injunc-
tion be awarded to restrain appellants from taking pos-
session of the premises until such value should properly
be ascertained. All that is stated in the bill of excep-
tions regarding the evidence on the issues is, that re-
spondent put in evidence which tended to support the al-
legations of his petition and part of said evidence tended
to prove the major part (in value) of the improvements

was made by respondent's predecessors while in possession of the premises during the lifetime of Henrietta Westmeyer, and after the delivery of the sheriff's deed pursuant to the partition sale; that respondent's evidence further tended to prove that all the improvements were made in good faith and without notice of appellants, interest. Appellants objected to evidence to prove respondent's predecessors had made improvements, and objected to all the evidence on the ground that it tended to show the improvements were made while respondent and his predecessors held a life estate in the premises during the life of Henrietta Westmeyer. The court found the issues for the respondent, and that the value of all the improvements on the land was a certain sum, and the value of the land without the improvements was $300; that appellants, at their election, were entitled to pay respondent the sum of $2,170 and take possession of the undivided twenty-one thirtieths of said land and improvements under the judgment in ejectment, or take the sum of $210, the value of the undivided twenty-one thirtieths of said land without the improvements, and relinquish the land to respondent; that appellants had refused and neglected to exercise their right of election; wherefore the court considered and adjudged that they be enjoined from taking possession of the land under the judgment in ejectment unless, on or before January 31, 1902, they paid respondent the sum of $2,170, less such amount as might, at the time of payment, be due by way of rents and profits accrued on the judgment; that upon such payment being made by appellants, the injunction should be at once dismissed and they be entitled to sue out their writ of restitution; that unless such payment was made to respondent by January 31, 1902, the injunction should be perpetual and appellants stand forever enjoined from taking possession of said land. The court further considered and adjudged that if appellants, on or before January 31, 1902, should execute and deliver to respondent their warranty deed, con-

veying to him said twenty-one thirtieths interest in the land, then appellants should be entitled to have and receive from respondent the said sum of $210, the value of their interest in the land without the improvements and have execution therefor. No point is made against the sums ordered paid by the respective parties.

Against that judgment the following propositions of law are raised:

First. An occupant of land who suffers defeat in an ejectment action, cannot recover the value of the improvements made on the land by his predecessors in the defective title; that his recovery must be confined to improvements made by himself.

Second. The owner of a life estate cannot claim, as against the owners of the remainder, compensation for improvements made by himself and predecessors in title before the termination of the life estate; for the reason that he does not hold adversely to the remaindermen.

Third. The owner in fee of an undivided part of a parcel of land, who at the same time owns another undivided part of said parcel for life, has such notice of the extent of his title to the part which he holds for life, that if he makes improvements thereon, he does so at his peril as against the remaindermen, and cannot recover the value of such improvements after judgment in ejectment has been recovered against him by the remaindermen on the termination of his estate for life.

Fourth. One holding title under a judgment which is void for want of jurisdiction in the court rendering it, is bound to take notice that the court had no jurisdiction and if he makes improvements while in possession of the land, claiming title under such judgment, he cannot recover compensation for them after he has been defeated in an ejectment action. This proposition is leveled against the judgment in the Westmeyer partition suit from which respondent derives title. As will be shown below, the court failed to obtain jurisdiction in that case over the appellants, and hence the sale un-

der the judgment failed to pass their interest in the lot.

· Fifth. The judgment in the case at bar was not rendered in conformity to the statutes.

All those propositions have been decided adversely to the contention of appellants by the Supreme Court of this State. The present appeal was allowed to the Supreme Court, but was transferred from that court to this one; and we suppose the positions on which appellants rely, were taken by them in the hope that the Supreme Court might recede from its previous rulings. We have no power to depart from those rulings were we so disposed, and we are not. That an occupant of land under a claim of title asserted in good faith, is not confined in his recovery for improvements, to those made by himself, but may recover also for those made in good faith by his predecessors, was decided and the reason for the decision stated, in Stump v. Hornback, 15 Mo. App. 367. It was also decided without discussion in Russell v. Defrance, 39 Mo. 506. The case of Stump v. Hornback was before the Supreme Court on an appeal from the decision of this court, and though the judgment of this court was reversed because it was not in accord with the statutes, the decision and reasoning on the proposition that the defeated occupant might recover for improvements made by his predecessors, was not disapproved. Our statutes giving compensation to a party ousted from the possession of lands, for betterments he made in the belief that the title he held was indefeasible, were intended to remedy an infirmity in the common law. The object of the legislation was to allow the owner of the better title to get possession of his lands, without getting, at the same time, valuable improvements which had cost him nothing, but had cost the dispossessed occupant something and been made on the faith of a title supposed to be good. We think there can be no question that the decision in Stump v. Hornback is not only the rule of decision for the present case, but sound in its construction of the statutes.

The second, third and fourth propositions are likewise settled by the decision in Stump v. Hornback. They all rest on the assumption that the value of betterments is accorded only to an occupant who had no means of ascertaining that his title was imperfect; whereas, in truth, the statute allows a recovery by any occupant who made improvements without actual knowledge that his title was imperfect; at least, unless his ignorance was due to inexcusable negligence.    Probably most parties who have been ousted from lands which they held under bad titles, might have discovered, by a thorough search of the records, that their occupancy was precarious. But it is notorious that men often honestly believe they own land, and make improvements on it in that belief, when a searching examination of the muniments would disclose the weakness of their titles.    Such constructive notice of a poor title as might be imputed to respondent and his predecessors from the condition of the records, does not shut him off from obtaining the value of the improvements.    This was explicitly ruled in Stump v. Hornback, 15 Mo. App. supra.    The like decision was given in Dothage v. Stewart, 35 Mo. 251.    As the bill of exceptions fails to reveal the nature of the flaw in respondent's title, and, hence, we can not know whether the flaw was so patent that a prudent man ought to have known it existed, we might pass over those propositions which are raised by appellants on the ground that respondent and his predecessors were affected with constructive notice of the quality of their estate; and in strict law this is the ground on which to put the decision of the point.    The ejectment case in which respondent lost the land was determined by the Supreme Court and the facts regarding the title are stated in the opinion rendered.    Those facts show that the partition sale passed only the life estate of Henrietta Westmeyer in twenty-one-thirtieths of the lot, for the reason that appellants, then minors, were summoned in the suit in an irregular manner and so as not to give  the  court  jurisdiction.

They were summoned by reading the writ of summons to them without delivering them a copy either of the writ or the petition in the case. In our judgment that technical deficiency in the mode of service, though fatal to jurisdiction, was not of a character which a purchaser at a judicial sale, or a subsequent purchaser, unless he happened to be a careful lawyer, was likely to detect. But the essential matter in this connection is the good faith in which the improvements were made—the fact that the party in possession made them believing he had a good title; not that, by a recondite investigation, he might have ascertained he had a bad or a limited one.

The second proposition may be noticed more particularly. It is that respondent and his predecessors in the estate for life of Henrietta Westmeyer did not hold adversely to these appellants as remaindermen, and hence cannot claim against them for the improvements made, but must be presumed to have made the improvements in order to enhance their own enjoyment of the life estate. The case of Stump v. Hornback is decisive of the point; and decisive, too, on the very ground we have stated, to-wit; that the spirit of the statutes allowing a defeated occupant the value of his improvements before he can be dispossessed, is to give him full compensation, if he was honestly mistaken regarding his title. Gallenkamp held a deed for the fee, as did most of his predecessors; and none of them held deeds which purported to convey only a life estate. Hence they held adversely; or, at least, claimed adversely, to appellants. They claimed the entire estate in fee simple instead of a life estate; and in claiming the entire estate their claim certainly was adverse to the claim by appellants of a vested remainder in them, to take effect on the death of their mother. The improvements were erected, not to enhance the value of a life-holding; but in the belief, cherished by the owners of the life estate, that they owned the fee and to enhance the value of the fee.

116 App—44

Appellants did not elect in their answer to accept the value of the land without the improvements and relinquish their interest to respondent. It has been decided that under the statutes they were bound to do this in order to justify a judgment requiring respondent to pay them the value of the land on the ground that it was worth less than the improvements. [R. S. 1899, sec. 3076; Cox v. McDavitt, 125 Mo. 358, 28 S. W. 597.] However, the court below provided amply against appellants' interest being lost to them. Though they were enjoined from disturbing respondent's possession until they paid him for the improvements, it was further ordered that if they would make him a warranty deed by a designated date, he should pay them for their interest in the lot. We think every right of the appellants was fully protected by the decree, and that it was framed according to the decision last cited, and the judgment directed by the Supreme Court in Stump v. Hornback, 94 Mo. 26, 6 S. W. 356.

The judgment is affirmed except as to time for compliance with the terms and conditions of the judgment of the circuit court. The time originally allowed by said court has elapsed and so the case is remanded with a direction to fix another date. All concur.