## BRISTOL v. THOMPSON, Appellant.

### Division One, May 29, 1907.

APPELLATE JURISDICTION: Ejectment: Value of Improvements. The Supreme Court does not have jurisdiction over an appeal from a judgment which grew out of an independent proceeding, by an unsuccessful defendant in an ejectment suit, to recover the value of the improvements made by him upon the land involved in the ejectment. Such judgment does not involve title to real estate. It is purely and simply a money judgment. Nor is such proceeding, where the answer in the ejectment was a general denial, such a continuation of the ejectment suit as to give the Supreme Court jurisdiction over the appeal, but a separate and independent suit. [Disapproving the *dictum* in Stump v. Hornback, 109 Mo. l. c. 279, where it is said that the proceeding to recover for improvements was designed merely to supplement and continue the ejectment suit out of which it grew.]

Transferred from St. Louis Court of Appeals.

REMANDED TO ST. LOUIS COURT OF APPEALS.

*J. S. Clarke* for appellant.

*John T. Davis* and *S. P. Smith* for respondent.

GRAVES, J.—Plaintiff herein was an unsuccessful defendant in an ejectment suit. At the March term, 1902, of Douglas Circuit Court, defendant secured judgment in ejectment against plaintiff for the possession of eighty acres of land in Douglas county. On March 28, 1902, plaintiff instituted this suit under section 3072, Revised Statutes 1899, to recover value of improvements. The pleadings are not abstracted or before us. The fact is that there is nothing before us except a bill of exceptions, which is marked in pencil, "Original," and has the file mark of the circuit clerk of Douglas county, and a purported abstract of record, which does not set out the pleadings in substance or otherwise. In this purported abstract of record, we have the following set out as the judgment in the case, viz:

"Now at this day this cause coming on for trial and the plaintiff appearing in person and by attorney and the defendant appears by attorney and each announce ready for trial, and the court, sitting as a jury, after hearing the evidence both for plaintiff and defendant and the argument of the counsel, finds the issues for the plaintiff. It is therefore considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant herein the sum of two hundred dollars together with his costs in this suit expended and that execution issue therefor."

The cause was appealed to the St. Louis Court of Appeals and by that court transferred to this court by a short opinion in these words:

"The plaintiff, who was an unsuccessful defendant in an ejectment suit, proceeded under section 3072, Revised Statutes 1899, to recover the value of improve-. ments made by him upon the land. He recovered in the circuit court and defendant appealed to this court. In Stump v. Hornback, 109 Mo. 1. c. 279, it is said: 'The proceedings to recover for improvements were designed merely to supplement and continue the ejectment suit out of which they grew, and enforce the equities of the occupant before the judgment in the original suit had been executed.' This court has no jurisdiction in an ejectment suit. This proceeding being a continuation of the ejectment suit, it must follow that this court has no jurisdiction over the subject-matter of this suit. The appeal is therefore transferred to the Supreme Court."

It will be observed that the Court of Appeals acted upon a remark of Judge MACFARLANE in the Stump case in sending the case here. The judgment in the case at bar clearly does not involve title to land. It is purely and simply a money judgment. Nor is this action a continuation of the ejectment suit, as stated by Judge MACFARLANE in the Stump case, supra. This language was not called for in that case, and is at most mere *dicta*.

In Henderson v. Langley, 76 Mo. 1. c. 228, HOUGH, J., said: "The claim for improvements made under the sections cited cannot be presented or heard in the action of ejectment. It is intended to be an independent proceeding, and can only be instituted after final judgment of dispossession shall have been rendered against the defendant in the suit of ejectment."

More recently, the Henderson case has been cited and approved by Fox, J., in the case of Tice v. Fleming, 173 Mo. 1. c. 56, where we find this statement of the law: "In case the defendant's possession and occupancy is by claim of title through the plaintiff, then

the value of the improvements may be considered in the ejectment suit; but if defendant's occupancy is under a stranger to the title of plaintiff, then his action for improvements must be an independent one, under the statute.    [Henderson v. Langley, 76 Mo. 226.]''

The Henderson case upon this point is likewise approved in the case of McClannahan v. Smith, 76 Mo. l. c. 431, and Jasper County v. Wadlow, 82 Mo. l. c. 179, 180.

Again, in Brown v. Baldwin, 121 Mo. l. c. 114, GANTT, P. J., in discussing the character of the suit authorized by section 3072, Revised Statutes 1899, says: ''We think that plaintiffs, having invoked this statute and commenced their action under it, are limited by the scope of the statute itself.  The action is given for improvements, and not for title.''

In an action for improvements notice must be given to the defendant in the proceeding, which is inconsistent with the view that it is a part of and a mere continuation of the ejectment suit.  [Koch v. Hawkins, 40 Mo. App. 680.]

But aside from this a reading of the several sections of the statute would clearly indicate that it should be a separate and independent proceeding.  In cases falling under these provisions of the statute, the value of the improvements cannot be litigated in the ejectment suit, and on the other hand the title cannot be litigated in an action for improvements, thus showing the independence of the two actions.

From the foregoing it would appear, and we so hold, that such a proceeding is not such a continuation of an ejectment suit as to give this court jurisdiction for that reason.

But, proceeding further, without having the pleadings before us, we must conclude that the judgment,

204 Sup—24

which we do have before us, is and was within the purview of the pleadings. This judgment is a purely money judgment, and we conclude that the plaintiff in this suit (the occupying claimant or defendant in the ejectment suit) filed a petition as called for by section 3073, and that the defendant in this action (the successful plaintiff in the ejectment) filed answer by a simple general denial, and not such an answer as he could have filed under the provisions of section 3075. Unless such an answer is filed as provided for by said section 3075, an assessment of the value of the land without the improvements and a judgment awarding the land to the plaintiff (defendant in the ejectment suit) is unauthorized and void. [Stump v. Hornback, 94 Mo. 26.]

Had there been more than a general denial filed, then the court would have proceeded as in the succeeding sections indicated. And had there been an answer filed as called for in section 3075, and proceedings had, as contemplated by that section and those following it, and a judgment entered as broad as it is seemingly authorized, and such judgment was before us, we are not prepared to say that title to real estate might not be involved, although we do not say that it would be. It will be ample time to review the situation when a case is presented calling for a discussion of the question. The case at bar does not call for such a discussion, and for that reason it is withheld.

However, we, the writer personally, suggest that as to the extent of a judgment which can be rendered under these statutes, in order to hold them constitutional, the very able opinion of BRACE, J., in Stump v. Hornback, 94 Mo. 26, supra, may be read with profit.

We are not unmindful of the fact that there are several cases, including the Stump case, supra, where this court has passed upon the merits of the case where the amount involved was less than the amount fixed for

our jurisdiction. The question of jurisdiction was not raised by the parties nor by the court. In the case at bar, we raise it, as we have in other cases, but thought it better to give expression of our views by opinion.

The case at bar is not one within our jurisdiction and should be transferred to the St. Louis Court of Appeals, and it is so ordered.

All concur.