STATE of Missouri at the relation of Gladys SHAUL, Executrix of the Estate of Christina Brooks, Deceased, Relator,

v.

Honorable Douglas L. C. JONES, Judge of the Circuit Court of the County of St. Louis, State of Missouri, Division No. 5, Respondent (two cases).

Nos. 30482, 30483.

St. Louis Court of Appeals.

Missouri.

May 17, 1960.

Motion for Rehearing or for Transfer to Supreme Court Denied June 13, 1960.

J. L. London, St. Louis, Louis L. Hicks, Clayton, for appellant.

Dubail, Judge & Kilker, W. Donald Dubail, St. Louis, for respondent.

RUDDY, Judge.

Two original proceedings have been filed in this court wherein relator seeks a writ of prohibition in one and a writ of mandamus in the other against respondent who is Judge of Division No. 5 of the Circuit Court of the County of St. Louis. In both proceedings relator contends that respondent has exceeded his jurisdiction in overruling relator's request for a jury trial in a case pending before respondent.

Prior to filing the suit pending before respondent a judgment was obtained against Christina Brooks for possession of property known as and numbered 2104–06 Yale Avenue, Maplewood, Missouri. In the possessory action the trial court decreed Mearl R. Cummings and Margaret Cummings to be the owners in fee of the property. Christina Brooks claimed the property on the theory of a resulting trust. Her claim was denied and she appealed. The trial court's decree and judgment was affirmed on appeal. Bennett v. Shaul et al., Mo., 318 S.W.2d 307. The case now before respondent was brought by Christina Brooks against Mearl R. Cummings and Margaret

Cummings, his wife. In said case Christina Brooks sought recovery for the value of certain improvements made by her while she was in possession of said property.

The parties agree that the action before respondent was brought pursuant to the authority and provisions of Section 524.160 RSMo 1949, 35 V.A.M.S. No question is presented concerning the sufficiency of the petition to comply with Section 524.170 RSMo 1949, 35 V.A.M.S. It is conceded that the suit was filed while Christina Brooks was in possession of said property.

Orion J. Litzinger, Sheriff of St. Louis County, was joined as a defendant in the suit pending before respondent. He was joined for the purpose of preventing him from dispossessing Christina Brooks, relator's mother. An injunction was granted staying the plaintiffs in the possessory action from taking possession of the property until the value of the improvements placed thereon was ascertained. This injunction was issued pursuant to the provisions of Section 524.180 RSMo 1949, 35 V.A.M.S.

Christina Brooks died after the filing of the suit to recover the value of the improvements. Relator herein, Gladys Shaul, was named as executrix under the will of Christina Brooks and is the sole beneficiary under said will of all real, personal and mixed property and all choses in action in said estate. After the death of Christina Brooks, relator was substituted as plaintiff in the suit pending before respondent. Thereafter, the stay order enjoining Orion J. Litzinger, Sheriff, from levying an execution and enjoining plaintiffs in the possessory action from taking possession of the property was dissolved. The defendants in the action pending before the respondent, who were plaintiffs in the possessory action, are now in possession of the aforementioned property and because of the death of Christina Brooks the injunction originally issued is no longer required. Subsequent to the death of Christina Brooks and after relator was substituted as plaintiff in the suit pending before respond-

ent, relator filed a "Motion for Jury Trial and to Modify Petition." In said motion relator sought to strike from the petition the last paragraph of said petition wherein plaintiffs prayed for an injunction or restraining order against the Sheriff of St. Louis County, Missouri, Orion J. Litzinger, and the defendants, Mearl Cummings and Margaret Cummings, his wife, to halt the dispossession which was then imminent and to prevent and stay the defendants in the pending action from taking possession of the land described and the improvements until the value of said improvements made by plaintiff was ascertained. In said motion plaintiff dismissed as to Orion J. Litzinger, Sheriff of St. Louis County, Missouri, and requested a trial by jury. The motion to amend and the request for a trial by jury were overruled by the court. It is the contention of the relator that the court exceeded its jurisdiction in refusing the trial by jury and she seeks appropriate relief in this court through the petitions for prohibition and mandamus filed herein.

Relator asserts that the action pending before respondent has been stripped of all of its equitable features and is now an action to recover a money judgment and, therefore, she is entitled to a jury trial.

■ It will be helpful to an understanding of the statute under which relator proceeds for the recovery of the value of the improvements to review the applicable rules prior to the enactment of the statute. Under the rule of the common law the owner recovered his land without being required to pay for improvements. This was on the principle that an owner was under no obligation to pay for unauthorized improvements made on his land and one making such unauthorized improvements was not entitled to recover their value, even though he acted in good faith and under the belief he owned the land. Kisling v. Yoder, Mo., 236 S.W. 860; Montgomery v. Gahagan, 246 Mo. 310, 151 S.W. 453; 42 C.J.S. Improvements § 6(a), p. 428. This rule, inflexible as it seemed,

was founded on the idea that the true owner should not have to pay an intruder or occupant for improvements that he did not authorize. In addition, the owner of the land was entitled to recover mesne rents and profits.

Realizing the harshness and the injustice of such a rule the chancery courts relaxed it so as to permit a defendant in an ejectment action to set off the value of improvements made by him in good faith under a bona fide belief of ownership to the extent of the rents and profits claimed, but no further. This was merely applying the familiar maxim, that he who seeks equity must do equity. This innovation upon the common law rule was to prevent the unjust enrichment of the true owner of the land. Kisling v. Yoder, supra; Montgomery v. Gahagan, supra; Stump v. Hornback, 109 Mo. 272, 18 S.W. 37. The effect of the rule was to permit a set-off or recoupment of the value of the improvements to the extent of the rents and profits demanded by the true owner, but, as we said, no further.

In limiting the occupant's recovery for the value of improvements made in good faith to the value of rents and profits, it was obvious that the lawful owner would be enriched to the extent the value of the improvements exceeded the rents and profits. To cure this defect statutes were enacted in this state and in many other jurisdictions. Kisling v. Yoder, supra; Stump v. Hornback, supra.

Supporting what we have said, as to the reason for enactment of the statutes, is a statement contained in Montgomery v. Gahagan, supra, (151 S.W. loc. cit. 455) wherein the court said:

"In our own state this right of recoupment was not considered broad enough to permit the doing of justice in all cases, inasmuch as it afforded the occupant no relief, except out of the rents and profits, while it was thought that in those cases in which the occupants make improvements not only in good faith, believing themselves to have good title, but not having any notice of the title or claim asserted by the true owner, they should have a broader and more complete remedy. To meet this supposed want, the law was enacted which is now embodied in section 2401 and following, of the Revised Statutes of 1909. (Now § 524.160 and following of the Revised Statutes of Missouri 1949, 35 V.A. M.S.) That this law was not intended to take away any remedy that had theretofore existed but to afford a more complete remedy out of the body of the improved estate in those cases that come within its provisions, is settled by numerous adjudications in this state." (Parenthesis supplied.)

■ The general effect of the statutes is to compel the owner of the land to pay to the defendant against whom a decree of dispossession has been given, compensation for all improvements made by him in good faith on said property, prior to notice of the owner's adverse title, as a condition to the owner's recovery of, or entry on, the land. 42 C.J.S. Improvements § 6(b), p. 430. The occupant dispossessed is no longer limited in the amount of his recovery to the value of rents and profits.

■ Respondent contends that the statutes are but declaratory of the common law on the subject of the right of the occupant to the value of the improvements and that the statutes merely enlarge the rights of the dispossessed occupant. Under the common law the right of an occupant to recover the value of the improvements, at least to the extent of the rents and profits found in favor of the lawful owner, originated in the chancery courts and a proceeding to recover the value of the improvements was considered an equitable proceeding. An action brought under the authority of the provisions of Section 524.160 RSMo 1949, 35 V.A.M.S., has frequently been described as equitable. Lester v. Tyler, Mo., 69 S.W. 2d 633; Stump v. Hornback, 109 Mo. 272,

18 S.W. 37; Russell v. Defrance, 39 Mo. 506; 42 C.J.S. Improvements § 6(b), pp. 430, 431, § 14(a), p. 453. However, in the case of Russell v. Defrance, supra, a jury trial was had on the issue of the value of the improvements.

In many other cases the issue of the value of improvements made by one dispossessed was tried by a jury. See Sutton v. Anderson, 326 Mo. 304, 31 S.W.2d 1026; Anderson v. Sutton, 301 Mo. 50, 254 S.W. 854; Story v. August, Mo.App., 10 S.W.2d 965; Richmond v. Ashcraft, 137 Mo.App. 191, 117 S.W. 689; Sires v. Clark, 132 Mo.App. 537, 112 S.W. 526; Marlow v. Liter, 87 Mo.App. 584; Stump v. Hornbeck, 15 Mo.App. 367.

In the cases of Bristol v. Thompson, 204 Mo. 366, 102 S.W. 991, and Cox v. McDivit, 125 Mo. 358, 28 S.W. 597, the trial court sat as a jury in passing on the value of the improvements.

We see from the aforesaid cases that some confusion exists as to whether an action brought under the statute, § 524.-160, supra, is strictly equitable in nature or is a legal action to which the relator is entitled to a trial by jury. The mere fact that in some cases brought under the statute to recover the value of improvements, the issues were submitted to a jury for determination does not of itself establish that the right of trial by jury exists. Nor does the fact that the record in some cases shows an express waiver of a jury trial form the basis for a contention that a jury trial is a matter of right.

However, we are convinced that relator is entitled to a trial by jury on authority of what has been said by the Supreme Court of this state in several cases.

In the case of Bristol v. Thompson, supra (102 S.W. loc. cit. 991) which was one wherein plaintiff sought recovery of the value of improvements made by him, the court, in describing the character and nature of the action, said:

"It will be observed that the Court of Appeals acted upon a remark of Judge McFarlane in the Stump Case in sending the case here. The judgment in the case at bar clearly does not involve title to land. It is purely and simply a money judgment. Nor is this action a continuation of the ejectment suit, as stated by Judge McFarlane in the Stump Case, supra. This language was not called for in that case, and is at most mere *dicta*. * * *

" * * * This judgment is a purely money judgment * * *."

The case of Staub v. Phillips, 307 Mo. 576, 271 S.W. 365, was an action under the statute (now § 524.160, supra,) to recover compensation for improvements put upon the land by plaintiffs and their grantor. The record showed a trial by jury was waived. The trial court found that the value of the improvements placed on the land by plaintiff in good faith prior to defendant's adverse claim of title was $10,-978. The defendants contended the verdict was excessive and was not sustained by any competent evidence. In ruling on this assignment of error the court said:

"We are of the opinion that this is an action at law and the case is not here for trial de novo as if it were an equitable action. The proceeding is purely statutory. Cox v. McDivit, 125 Mo. 358, 361, 28 S.W. 597; Malone v. Stretch, 69 Mo. 25, 26. The statute was 'intended to remedy an infirmity in the common law.' Judge Goode, in Gallenkamp v. Westmeyer, supra, loc. cit. 687 (93 S.W. 816). It is not a continuation of the ejectment suit, but is a separate and independent proceeding (Bristol v. Thompson, 204 Mo. 366, 369, 102 S.W. 991), and ancillary to the ejectment suit (State ex rel. v. Foard, 251 Mo. 51, 62, 157 S.W. 619). In Russell v. Defrance, 39 Mo. 513, and Stump v. Hornbeck, supra, the

trials were by juries." 271 S.W. loc. cit. 368.

The aforesaid cases declare the action under the statute to be one calling for a money judgment; therefore, an action at law. The latter case of Staub v. Phillips, supra, clearly holds it is not to be treated as an equitable action. It has been referred to in many cases as a statutory proceeding to recover compensation for improvements put upon the land in good faith by the occupying claimant. Staub v. Phillips, supra; Mann v. Doerr, 222 Mo. 1, 121 S.W. 86; Cox v. McDivit, supra; Richmond v. Ashcraft, supra. Where the issues joined entitled relator to an ordinary judgment at law, then under the Constitution and laws of the state relator is entitled to a trial by jury. Federal Land Bank of St. Louis v. McColgan, 332 Mo. 860, 59 S.W.2d 1052.

In some other jurisdictions it has been held that a determination of whether or not an occupant has made improvements in good faith, the nature of the improvements and their value and other questions are for the jury. 42 C.J.S. Improvements § 14 (h) (1), pp. 465–466. Maxey v. Patterson, Tex.Civ.App., 82 S.W.2d 386.

Respondent cites Malone v. Stretch, 69 Mo. 25; Russell v. Defrance, supra, and Marlow v. Liter, supra, as authority for denying a jury trial. It is interesting to note that the latter two cases submitted the issue of the value of improvements to a jury for determination. Respondent also relies on the case of Toalson v. Madison, Mo.App., 307 S.W.2d 32, loc. cit. 35. The question in that case was whether plaintiff, under the conditions shown in the record before the court, could maintain an action in equity, independent of the statute, for improvements. The court held this could be done stating "the Missouri betterments statute does not, by direct language or by implication, preclude suits not within its terms." The court further said the betterment statute was "not involved and needs no discussion."

We think the trial court erred in denying a jury trial to relator. Relator's action as it now stands is devoid of all equitable features. While it is true the right to recover the value of the improvements by the occupant who was dispossessed had it origin in the chancery courts, the action we now have before us is merely one wherein the relator is seeking a judgment for the value of the improvements. It has all the features of a suit to recover money.

Respondent makes the additional claim that recovery of the value of the improvements depends on continued possession of the property by the defendant in the possessory action and that recovery for the value of the improvements is enforceable only by continued possession and that upon the death of Christina Brooks, she no longer being in possession, the cause before respondent abated.

The case of Anderson v. Sutton, 316 Mo. 1058, 1066, 293 S.W. 770, loc. cit. 773, 774, disposes of respondent's contention. In that case the court said:

"The argument of respondent's counsel that appellant could have surrendered the land in March, 1920, and avoided all liability for future rents and profits was obviously correct. Counsel qualified that remark by saying that appellant would not lose his improvements, for which he had already brought suit. Of course, appellant could have yielded possession of the land in response to respondent's suit for possession, to which he was admittedly entitled at that time, and would have incurred no liability for rents and profits accruing after such surrender. Such surrender could not affect his pending suit to recover the reasonable value of improvements, for which he would have been entitled to recover, if he had not made such surrender."

Again, in the case of Sutton v. Anderson, supra, the court reasserted the above state-

ment and in addition said: "In the discharge of that duty we expressly ruled that Sutton had the right to surrender possession of the land without prejudice to the further prosecution of his improvements suit, and that in so arguing to the jury counsel for Anderson had not injected error, because such was the law." 31 S.W. 2d loc. cit. 1033.

■ Section 524.250 RSMo 1949, 35 V. A.M.S., provides as follows: "No occupying claimant shall recover compensation twice for his improvements; and in all cases where the occupying claimant shall be paid for his improvements by any person other than the proprietor of the better title, such person shall be invested with the same rights, and have the same remedy for the recovery thereof, as is given by this chapter to such occupying claimant." This section authorizes a subsequent purchaser from the original occupant to acquire the right to sue for the improvements made prior to his purchase. It has been held that the claim of an occupying claimant for improvements may be the subject of sale and transfer. Parsons v. Moses, 16 Iowa 440, loc. cit. 443.

■■ The right to compensation for improvements made by an occupying claimant in good faith may be assigned and the assignee takes all the rights of the assignor. Also, this right survives to the personal representative of the one entitled to recover compensation for the improvements. 42 C.J.S. Improvements § 8(a), p. 444. We rule that relator has the right to pursue claim of the decedent Christina Brooks for the improvements placed on the property by said decedent.

■ We do not think prohibition is the correct remedy and for this reason the preliminary rule of prohibition, heretofore issued, should be quashed. It is so ordered.

■ However, mandamus lies to compel a trial judge to grant a jury trial when a party is entitled to it as a matter of right

and it has been denied. In re Pan-American Life Ins. Co., 5 Cir., 188 F.2d 833; State ex rel. Brown v. Armstrong, 206 Okl. 145, 241 P.2d 959; Cloonan et al. v. Goodrich, 161 Kan. 280, 167 P.2d 303.

The alternative writ of mandamus heretofore issued is made peremptory.

WOLFE, P. J., and ANDERSON, J., concur.