POOL, Respondent, v. SLICER et al., Appellants.

St. Louis Court of Appeals, March 3, 1908.

EJECTMENT: Action for Improvements: Judgment. Under section 3078, Revised Statutes 1899, where a judgment defendant in ejectment sues for the value of the improvements on the land, for the recovery of which judgment was rendered, the court, on finding that the value of the improvements is less than the value of the land without the improvements, may enter a judgment fixing a time within which the defendant shall pay for the improvements or perpetually enjoin him from taking possession of the land on failure to make such payment.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED AND REMANDED (*with directions*).

*James Orchard* and *Henry N. Phillips* for appellants.

*Lew R. Thomason* and *George Munger* for respondent.

BLAND, P. J.—Only the record proper of the case is before us for review. It appears from the record that defendants, as plaintiffs in an ejectment suit, recovered of Pool, plaintiff herein, the possession of certain described lands in Butler county, Missouri, and also the sum of $22.50 damages for rents and profits, and that the monthly value of the rents and profits were adjudged to be $12.50. On the recovery of the judgment in ejectment, Pool filed his petition, under the provisions of section 3072, Revised Statutes 1899, to recover compensation for the improvements made by him on the land, and prayed that an injunction issue against defendants to stay them from taking possession of the land under their judgment in the ejectment suit, until the value of his improvements should be ascertained and until the further order of the court. A temporary restraining order was made by the court. The allegations of the petition were put at issue by an answer and a motion to dissolve the injunction was filed. At the April term, 1906, of the Butler Circuit Court, the issues were heard by the court and the following judgment rendered:

"Now on this, the twenty-fourth day of April, 1906, this cause coming on to be heard, and both the plaintiff and defendants appearing by their respective attorneys, and announcing ready for trial, and both the plaintiff and defendants waiving a jury, all the issues, matters and things in said cause are submitted to the court; upon the proof offered and heard by the court and the court being fully advised, doth find that the defendants herein at the February term, 1906, of the Butler County Circuit Court, obtained a judgment against the plaintiff

herein, for the possession of the following described lands situate in the county of Butler and State of Missouri, to-wit: Lots No. nine (9) and ten (10) the same being the east half of the southeast quarter of section number seventeen (17), township number twenty-five (25) north or range number eight (8) east, containing seventy-two and thirty-five one-hundredths (72.35-100) acres more or less. And also a judgment for the sum of $——, the amount of plaintiff's said damage; and did assess the value of the monthly rents and profits at the sum of twenty dollars per month.

"And the court doth further find that prior to the institution of said suit, and the rendition of said judgment as aforesaid, the plaintiff herein and his predecessor, and grantor, in good faith and without notice of the claim of title to said premises by the defendants herein, made valuable and lasting improvements upon said premises of the value of ($795) and the court doth further find the value of said lands, without said improvements to be the sum of one thousand dollars.

"Wherefore, it is ordered, adjudged and decreed by the court, that the defendants be enjoined from entering upon said lands, and taking the possession thereof, unless the defendants shall on or before the first day of October, 1906, pay into this court, for the use of the plaintiff herein the sum of ($795) the value of said improvements, less the amount of the defendants' judgment for damage, as determined in said action of ejectment, and also less the accrued rents and profits at the value assessed at the time of payment, upon the payment of which said sum, said injunction to be dissolved, and the defendants be entitled to sue out their writ of restitution; and that unless said payment be made by defendants by October 1, 1906, the injunction be made perpetual, and defendants stand forever enjoined from taking possession of said lands or any part thereof."

Defendants' contention is that the judgment is not such an one as should have been rendered, and is erroneous for the reason that as the value of the land aside from the improvements was found to be greater than the value of the improvements, the judgment should have been that defendants herein pay for the improvements before they should be allowed to take possession of the land, or that the land be divided between plaintiff and defendants according to their respective rights therein. The proceeding is provided for in Revised Statutes 1899, chapter 24, entitled "Ejectment." Section 3076 of the chapter provides: "If the value of the improvements exceed the value of the land aside from the improvements, the court may order that the occupying claimant shall, by a time to be specified in the order, take the land, and pay the ascertained value thereof to the plaintiff, and in default of such payment the plaintiff shall take possession of the land, discharged from all claim of such occupying claimant." Section 3078 of the chapter provides: "If the value of the land, aside from the improvements, exceeds the value of the improvements, the court may, in its discretion, order either that the plaintiff shall pay for the improvements before he shall be allowed to take possession of the land, or that the land shall be divided between the occupying claimant and the plaintiff, according to their respective rights." The court found the value of the land aside from the improvements exceeded the value of the improvements, hence the judgment should correspond with the provisions of section 3078, and the question for decision is whether it does or does not correspond with the provisions of this section. The judgment enjoins plaintiff in the ejectment suit from taking possession of the land until they pay the ascertained value of the improvements ($795) less the damages recovered of Pool in the ejectment suit, on or before October 1, 1906, and if not paid on or before the date fixed that they be

perpetually enjoined from enforcing the judgment in the ejectment suit. The statute (3078) says nothing about the time in which the plaintiff in an ejectment suit shall pay the ascertained value of the improvements, nor does it expressly authorize the court to limit the time in which such payment may be made. When the situation is reversed, that is, when the occupying claimant is entitled to pay the ascertained value and retain the land, section 3076 expressly authorizes the court to fix the time in which the payment may be made, but this provision was left out of section 3078, which provides that the successful party in the ejectment suit must pay the ascertained value of the improvements before he can have possession. These sections have a common purpose in view, namely to give the right of possession of the land to the party having the greatest pecuniary interest therein, on condition that he pay the adverse claimant the ascertained value of his interest, and both sections might have well been written as one. They must be construed together and so interpreted as to effectuate the evident purpose of the Legislature. If the two sections had been written as one, and section 3076 made the first clause of such section and section 3078 the second, it would not have been necessary to have repeated the phrase "by a time to be specified in the order," in the second clause, as this provision would have been understood to apply to the second as well as the first clause, and we think this phrase should be read into the latter section, for if the court cannot fix the time when payment must be made, then payment can be made at any time in the future and might never be made, yet the land would be under a sort of perpetual mortgage, which the occupying claimant would be powerless to remove. That such a result was intended by the Legislature is not to be entertained for a moment. We think the court had the undoubted right to fix the time for payment and that the judgment substantially

conforms to the provisions of section 3078. [Stump v. Hornbach, 94 Mo. 26, 6 S. W. 356; Gallenkamp v. West-meyer, 116 Mo. App. 680, 93 S. W. 816.] Except as to time for payment, the judgment is affirmed. As the time of payment has expired, the cause is remanded with directions to the trial court to fix another time. All concur.