———<del>•••</del>———

JOHN M. RUSSELL *et als.*, Defendants in Error, *v.* JAMES M. DEFRANCE, Plaintiff in Error.

1. *Practice—Pleading—Parties.*—The objection, that some of the plaintiffs are improperly made parties to the suit, if apparent upon the face of the petition, must be made by demurrer or the objection will be considered as waived.

2. *Practice — Parties—Ejectment—Injunction.*—Tenants in common may join as parties plaintiff to enjoin the enforcement of a judgment in ejectment until compensation be made for improvements under the statute, although they were not all made defendants in the ejectment, the possession of one tenant in common being the possession of all.

3. *Lands and Land Titles — Jurisdiction — Public Lands.* — The courts of this State may allow compensation for improvements to a party who has made an entry with the Register and Receiver of the Land Office, paid his money and received a certificate, against a party who with knowledge of the facts has made a subsequent entry and received a patent. Such action does not interfere with the disposal of the public lands by the United States.

4. *Ejectment—Improvements—Injunction—Practice—Judgment.*—In an action for an injunction to restrain the plaintiff in ejectment from enforcing his judgment until compensation be made for improvements, the court cannot enter judgment against the plaintiff in ejectment for the value of the improvements and enforce the same by execution.

### *Error to Linn Circuit Court.*

Suit commenced April 13, 1865. To the original petition a demurrer was filed and sustained.

The plaintiffs afterwards filed their amended petition, substantially, as follows :

" Plaintiffs state that they by themselves and their tenants, at the commencement of the April term for the year 1865 of said court, were and ever since have been, and still are in possession of certain lands in said county, to-wit, the south-west quarter of section 18, in township 69, of range 20 ; that at said April term of said court of the year 1865, a judgment of dispossession was given by said court in favor of defendants against the plaintiffs Wesley Russell, Allan Sharp, Emeline Sharp, William F. Scandlan, and Sarah A. Scandlan, the other plaintiffs herein not having been made defendants in said action ; that such recovery was obtained by defendant by virtue of a patent issued to him by the United States in the year 1860, conveying to him said lands; that on the first day of May, 1840, one Thomas Barber obtained from the Receiver of the United States Land Office at Fayette, in this State, a certificate of the entry by himself from the United States of the said land for the sum of $247.44, paid by himself to said Receiver for the same, and that said Barber at the time of his said purchase took actual possession of said land and remained in the actual possession thereof until he sold the same to one Thomas H. Russell ; that on the 9th day of November, 1841, the said Barber sold and conveyed by warranty deed said land to said Thomas H. Russell, the said Russell then paying the value of the improvements thereon to said Barber in addition to the value of said land unimproved ; that the said Thomas H. Russell remained in the actual possession of said land from the time of said purchase until the time of his death, in the month of February, 1852 ; that he died intestate, leaving nine children (their names are set forth, &c.), two of whom have conveyed all of their interest in said lands to said plaintiffs Wesley and Joseph Russell; that the plaintiffs have continued in possession of said land from the death of said Thomas H. Russell up to the commencement of this suit, and that no part thereof has been by them sold to any other person ;

that the said Barber, during his occupancy of said land, enclosed and put in cultivation about fifty acres of said land, and that the said Thomas H. Russell, after his purchase thereof and before his death, enclosed and put in cultivation about twenty-five acres of said land in addition to the improvements made by said Barber; that the said Thomas H. Russell, on or about the year 1845, built a valuable dwelling-house, stable, barn, corn-crib and smoke-house on said land; that the improvements made by said Barber on said land were, when made, and now are, of the value of $500, and those made by said Thomas H. Russell are of the value of $1,000; that all and each of said parties entered into possession of said land believing that they had a good title to the same, and that they made said improvements in good faith believing that they had a good title, and without any notice of any adverse title or claim by defendants, and prior to the issuing of the patent to him."

The plaintiffs asked judgment for the sum of $1,500, and that the defendant be enjoined from taking possession of said land until the value of said improvements be paid or ascertained, &c.

The defendant demurred to the amended petition, setting forth as cause of demurrer that the complaint shows that the improvements for which plaintiffs claim judgment were made on the land while the title to the land remained in the United States, and before the patent therefor issued to the defendant.

The demurrer was overruled. Afterwards the defendant filed an answer to plaintiffs' amended petition, in which he stated that as to whether on the 1st day of May, 1840, or at any other time, one Thomas Barber obtained from the Receiver of the United States Land Office at Fayette, in this State, a certificate of the purchase by himself from the United States of the land described in plaintiffs' petition, he has not knowledge or information thereof sufficient to form a belief; denied that the aggregate value of the improvements on the land described in the petition of plaintiffs is $1,500,

or any other value; he says that the improvements on said land are worn out and dilapidated, and are of no value whatever; that the plaintiffs ought not to recover the alleged value of said improvements, because they were all made before the issuing of the patent for said land to the defendant by the United States and while the title to said land was in the United States; wherefore the defendant prayed to be discharged, with his costs, &c.

At the April term, 1866, the following judgment was entered in the cause:

"Now at this day come the plaintiffs," &c.; * * "which jury, after hearing the evidence, the arguments of counsel, and the instructions of the court, return into court with the following verdict: 'Land worth $16 per acre on the 10th day of October, 1864, with the improvements; land, aside from the improvements, $8 per acre. W. E. Crandall, foreman.' It is therefore ordered and adjudged by the court that the plaintiffs have and recover of the defendant the sum of one thousand five hundred dollars ($1,500) for their damages, with interest at the rate of six per cent. per annum from the rendition of this judgment, together with all the costs in this cause laid out and expended, and that they have execution therefor."

*Vories & Vories*, for plaintiff in error.

I. The petition in this case is clearly bad, and the demurrer thereto should have been sustained. The land belonging to the United States at the time the improvements were made, the plaintiffs could acquire no right to recover for their improvements from the United States; and if not, then the defendant could not be placed in a worse condition as the grantee of the United States than they occupied before selling the land.

II. It is settled that no State can interfere with the primary disposition of the public lands by the United States; but if the plaintiff can recover in this action, the State courts might, by the enforcement of such a law so construed, en

33—VOL. XXXIX.

tirely prevent any sale of lands by the United States upon which any person should have by mistake made any improvement—Lawrence v. Grant, 12 U. S. Dig. 110.

III. The statute of this State under which this action was brought is an innovation of the common-law right of a plaintiff in ejectment who proves to be the owner of the land ; hence one who seeks a remedy under said law must strictly follow its provisions and bring himself exactly within the remedy provided in the act—Webster v. Stewart, 6 Clark's Iowa R. 401.

This proceeding does not come within the provisions of the act in this, to-wit: 1. The act only authorizes those to avail themselves of its benefits who have been sued in ejectment, and have had a judgment or decree of dispossession rendered against them. In the case under consideration nearly all of the plaintiffs have never been sued in ejectment, and have no judgment or decree against them, and merely stand before this court as individuals who have made improvements on another man's land without his request, and are suing him for the value of improvements. 2. The judgment in this case is not authorized by the statute— R. C. 1855, pp. 694–95, §§ 20–27. 3. The value of the improvements in this case is not ascertained by the verdict of the jury or the judgment of the court. The object of the law was to repay the honest defendant the outlay which he has made, and not to enable him to speculate on other men's land.

*Hall & Oliver*, for defendants in error.

I. The judgment of the Circuit Court is in accordance with law—R. C. 1855, p. 696, § 20.

II. If this court should be of opinion that the judgment of the Circuit Court is improper for the reason that it is an absolute judgment against the defendant for so much money, then the plaintiffs ask that the judgment may be reformed by this court in that respect in accordance with section 35, R. C. 1855, p. 1301, and in accordance with the practice of

this court—Ferguson v. Ferguson, 36 Mo. 201; Marr v. McIntosh, 21 Mo. 543.

III. The question of the value of improvements was properly submitted to a jury—Bk. of Hamilton v. Dudley's lessee, 2 Pet. 524; 20 U. S. Dig. 150, § 16.

IV. The mode of estimating the value of improvements adopted by the jury is correct—Haskins v. Spiller, 1 Dana, 170; S. C. 3 Dana, 576; 20 U. S. Dig. 149, § 6.

V. The case as made out entitles plaintiffs to recover the value of improvements. The facts set forth in the petition would entitle plaintiffs in a court of chancery to a decree vesting in them the title of defendant. If they choose to waive this greater right, they certainly may insist on the lesser right, compensation for improvements—R. C. 1855, p. 694, § 20; 7 Mo. 620; 11 Mo. 596; 12 Mo. 337; 16 Mo. 543; 36 Mo. 193; 3 How. 509; Winters v. Cromelin, 18 How. 871.

VI. Plaintiffs are entitled to compensation as well for improvements bought of Barber as for improvements made by themselves—3 Dana, 576; 17 U. S. Dig. 99, § 5.

WAGNER, Judge, delivered the opinion of the court.

The two principal objections raised by the plaintiff in error in this court are that there is a misjoinder of parties on the record, and that the judgment given by the court below was unauthorized by the statute. Admitting the fact to be that there is a defect of parties as plaintiffs in the petition, the*defendant is in no position to avail himself of the error in this court. The matter complained of is patent on the face of the petition; and as he did not resort to his demurrer in the Circuit Court, he must be considered as having waived all objections on that account. But we are not satisfied that there is any error in the joinder of parties plaintiff. It appears that all the parties who joined in the petition for an injunction as plaintiffs were not joined as parties defendants in the ejectment suit brought by the defendant in the injunction for the recovery of the premises. And

the plaintiffs in this suit aver that at the time of the recovery of judgment in the action of ejectment, they were by themselves and their tenants in actual possession of the premises, and still continue in such possession. There is no denial of this averment, and it must, therefore, be taken as true. The record clearly shows that the plaintiffs held and were possessed of the land as tenants in common, and the possession of one was the possession of all. The defendant, by bringing his action of ejectment against a part, and neglecting or refusing to proceed against the others, could not deprive them of their just and legitimate rights. A contrary doctrine would defeat the ends of justice, and destroy the equitable objects contemplated by the law.

The purpose of the act was to remunerate innocent persons, who, believing they had a good title, had in good faith made valuable improvements on real estate, when they were evicted by a paramount title—R. C. 1855, § 20, p. 694.

The petition sets out a case of persuasive equity, and we wholly fail to see any force in the objection that the enforcement of the remedy here sought is an attempt on the part of the laws and courts of this State to interfere with the disposal of the soil on the part of the general government. The party under whom the plaintiffs derived their title had paid his money for the land, and received a certificate from the Receiver of the Land Office; under and by virtue of that certificate they had cultivated, improved and been in possession of the land for twenty years, when the defendant entered it and received his patent.

There is no effort to interfere with the disposal or sale of the land; but the plaintiffs do insist with justice and reason that they shall be compensated for their improvements, and the defendant must be regarded as having constructive notice of the facts.

The jury found in their verdict the land to be worth sixteen dollars per acre with the improvements, and eight dollars per acre without the improvements, and the court, by a

calculation of the number of acres by the difference in value, we suppose, rendered judgment for the plaintiffs for the sum of fifteen hundred dollars.

The criterion by which the jury estimated the value was, we think, correct, but it would have been better to have had the gross amount fixed by the verdict. But as no injury appears to have been done, we will not remand the cause for a new trial on that account. The judgment, however, will have to be reversed, because it is not in conformity with the the statute.

The court gave an absolute and unconditional judgment, and ordered execution to issue to enforce the payment of the amount.

The statute provides if the value of the improvements exceeds the value of the land aside from the improvements, the court may order that the occupying claimant shall, by a time to be specified in the order, take the land and pay the ascertained value thereof to the plaintiff, and in default of such payment the plaintiff shall take possession of the land discharged from all claim of such occupying claimant; and if the value of the land, aside from the improvements, exceed the value of the improvement, the court may in its discretion order either that the plaintiff shall pay for the improvements before he shall be allowed to take possession of the land, or that the land shall be divided between the occupying claimant and the plaintiff, according to their respective rights.

In our opinion, a wise discretion demands in this case that an order should be made requiring the plaintiff in the action of ejectment, and the defendant in the court below in this suit, to pay for the improvements before he should be allowed to take possession of the land.

The judgment of the Circuit Court will therefore be reversed, and judgment will be rendered in this court according to the foregoing views, and the temporary injunction granted will continue until the money is paid. The other judges concur.