### FEENBERG v. TULSA CHAMBER OF COMMERCE.

No. 17771.    Opinion Filed Dec. 6, 1927.

(Syllabus.)

1. Ejectment—Quieting Title—Remedy of Occupying Claimants as Incidental.

The relief afforded an occupying claimant

for improvements is purely statutory, and in derogation of the common law, and under the statutes of this state the remedy afforded an occupying claimant is to be administered in conjunction with the statutory action for the establishment of title, and the recovery of possession of real property as against one in possession under color of title.

**2. Pleading—Judgment on Pleadings not Error Where no Reply Filed to Answer Alleging New Matter as Complete Defense.**

Where the defendant in his answer alleges new matter constituting a complete defense to the action, and no reply is filed thereto, it is not error for the court to render judgment on the pleadings.

Error from District Court, Tulsa County; Luther James, Judge.

Action by David Feenberg against the Tulsa Chamber of Commerce. Judgment for defendant and plaintiff brings error. Affirmed.

Woodson E. Norvell and Edward E. Harvey, for plaintiff in error.

H. W. Randolph, John A. Haver, Randolph Shirk, and Richard K. Bridges, for defendant in error.

LESTER, J. The parties to this appeal occupy the same position as in the district court.

On the 9th day of September, 1925, the plaintiff filed an original action in the district court of Tulsa county, being No. 34284. The petition stated and alleged that the plaintiff was entitled to the recovery of certain general taxes and special levies against a certain lot in the Factory addition to the city of Tulsa. The plaintiff also sought to recover an additional sum of money on account of the delivery of a quantity of earth which was used for the purpose of leveling said lot. The plaintiff alleged that said taxes were paid and improvements made by the plaintiff under the belief that he was the owner under a certain tax deed but that the defendant had recovered a judgment in said court canceling said deed and adjudging the same to be void, but that the defendant had failed and refused to reimburse plaintiff for the money he had expended for taxes and improvements on said real estate.

The defendant filed its answer, in which it alleged that all the rights of plaintiff for recovery of taxes paid on said premises by plaintiff were in issue in cause No. 22611, in the district court of Tulsa county, entitled, "Chamber of Commerce of Tulsa, Oklahoma, a Corporation, v. D. Feenberg," and that the court in said action passed upon and adjudicated the right of the plaintiff to recover taxes paid by the said D. Feenberg, and that said cause No. 22611 was tried upon its merits and judgment was rendered therein. The defendant attached to its answer the judgment rendered in the former case.

This judgment appears to have been rendered on the 17th day of May, 1924, which judgment decreed cancellation of the deed held by plaintiff in this action. The judgment further decreed that the defendant therein be enjoined from exercising possession over, or making any claim of title or right to said premises. It further decreed that the plaintiff therein make payment to the clerk of the court, for the use of the defendant, the sum of $511 paid by the defendant and applied upon taxes legally chargeable against the property. The judgment further decreed that a writ of possession issue to put plaintiff in possession of said premises. It appears that the judgment in the former case was not appealed from; that it became final; and that the plaintiff in the instant action did not file a reply to the answer of the defendant.

When the present case came on for trial, both the plaintiff and the defendant announced ready for trial. The defendant thereupon objected to the impaneling of a jury and objected to the introduction of any testimony for the reason that the petition of the plaintiff did not state facts sufficient to constitute a cause of action and for the further reason that the court was without jurisdiction to entertain the said petition, and the defendant further moved the court for judgment on the pleadings in said cause. The court sustained the contentions of the defendant and rendered judgment against the plaintiff and in favor of the defendant, from which judgment the plaintiff prosecutes this appeal.

It appears that the plaintiff thereafter filed a motion to modify the journal entry of judgment and decree, which motion was denied by the court.

The plaintiff sets forth six assignments of error, but presents assignments Nos. 1, 2, 3, and 4 together, which assignments may be summarized as the error of the court in rendering judgment against the plaintiff upon the pleadings of said cause.

Plaintiff's fifth and sixth assignments of error are based upon alleged error of the court in making findings of fact and re-

fusing thereafter to strike the same from the record.

The plaintiff bases his right of action on statutory provisions of the occupying claimant act.

Section 472, C. O. S. 1921, recites under what conditions an occupying claimant may set forth his claim for improvements.

Section 474, C. O. S. 1921, provides in part:

"The court rendering judgment in any case provided for by this article against an occupying claimant, shall, at the request of such occupying claimant, for the benefit of the provisions of this article, cause an entry to be made upon the journal of such request, and shall at once set a day for the trial of the right of such occupying claimant to compensation for all lasting, valuable, and permanent improvements made by such occupying claimant, or those under whom he claims, upon the premises, prior to the issuing of summons in the cause; and at such trial each party shall produce his evidence relating to such improvements, and the court shall make specific findings of fact on all matters relating to the right of such occupying claimant to compensation for such improvements, and shall find specifically whether such improvements were made in good faith and under color of title and whether the occupying claimant is entitled to the benefit of this article, which findings shall be entered at length upon the journal; and if the court shall find that the occupying claimant is entitled to compensation for such improvements, it shall at once appoint three disinterested freeholders of the county, who shall have the qualifications of jurors in the cause to assess the actual value of the improvements on the date of the assessment, of which appointment and the date of assessment all parties to the action shall have five days' actual notice."

Under the common law no compensation could be had for improvements or taxes paid by one in possession of the premises under color of title as against the person holding the superior title. The relief granted to a person so situated is either of statutory origin or of equitable cognizance, and from an examination of the cases bearing upon the question here presented, we find that the courts have generally held that the statutory procedure for the relief of an occupying claimant must be followed.

One of the earliest cases on this question is to be found in the case of Russell v. Defrance, 39 Mo. 506, wherein the court said:

"In an action for an injunction to restrain the plaintiff in ejectment from enforcing his judgment until compensation be made

for improvements, the court cannot enter judgment against the plaintiff in ejectment for the value of the improvements and enforce the same by execution."

As we view the statutes of this state relating to the occupying claimant, such claimant must at some period of the pending cause for possession of the premises invoke his claim for improvements made and taxes paid. The relief afforded an occupying claimant partakes of the nature of an accounting between the party who has the superior title as against the one who has possession under color of title, and these statutes, while enacted for the benefit of the one holding under color of title, are also designed to foreclose the right of all parties to the proceedings. The statutes of our state contemplate that the parties in the possession of the premises under color of title, after judgment in favor of the party holding the superior title, may then request the court to determine his right as an occupying claimant. The subsequent relief asked by the occupying claimant after judgment for the possession in favor of the one holding the superior title is founded in reason, for if the party who claims the superior title fails to prevail in his action, it would be needless to adjudicate the occupying claimant's rights.

In the case of Malone v. Stretch 69 Mo. 25, the court said:

"Nor do we think that although the statute authorizes a recovery 'in a court of competent jurisdiction' for improvements made in good faith upon the land of another, that this language, though quite broad, is sufficiently comprehensive to admit of a suit being brought in any other court than the one wherein the recovery in ejectment was had. And we are of the opinion, also, that the party who seeks compensation for improvements made, must do this anterior to the time of his eviction, and if he delay till after that occurrence, his remedy, at least so far as an action at law is concerned, being purely statutory, is lost."

In the case of Lunquest v. Ten Eyck. 40 Iowa 213, the court said:

"At common law there is no liability on the part of the owner of real estate for improvements made in good faith by an occupying claimant. The right to recover therefor is based upon the statute, and the claimant must bring himself within its provisions."

In the case of Wolcott v. Smith. 33 Okla. 249, 124 Pac. 790, the court said:

"A number of the states have passed what are known as 'Occupying Claimants' Acts, which are generally administered in conjunc-

tion with the statutory action for the establishment of title and the recovery of possession of real property.

"In Oklahoma the act is contained in article 25 of chapter 66, Wilson's Rev. & Ann. St. 1903 (article 24, c. 87, Comp. Laws 1909). This chapter provides substantially that in all cases, any occupying claimant being in quiet possession of any lands or tenements for which he can show color of title, in the manner set forth therein, he shall not be evicted or thrown out of possession by any person or persons who shall set up and prove an adverse and better title to said lands until he has been paid the full value of all lasting and valuable improvements made thereon, and that the court rendering judgment in any case against an occupying claimant shall at his request, for the benefit of the provisions of the act, cause an entry to be made upon the journal and set a day for the trial, and that, if on the trial there provided for the value of the same is found to be greater than the value of the rents and damages and waste, then the court shall enter judgment that the successful claimant pay to the clerk of the court for the use of the occupying claimant the full amount of the excess value of the improvements, and that the same shall be paid before the writ of ouster shall issue. The remedy provided for in this statute is full and complete, and is entirely applicable to this case. * * *

"That a party claimant may secure the benefit of this occupying claimant's act after appeal of the original action to the Supreme Court and on the return of the mandate, see State ex rel. Goldsborough v. Huston, 28 Okla. 718, 116 Pac. 161; Hazen v. Rounsaville, 35 Kan. 405, 11 Pac. 150."

It thus appears that upon the return of the mandate from the Supreme Court an occupying claimant may then present his claim to the court in the same cause and proceed thereon, as provided by statute.

The plaintiff also contends that the court committed error in refusing to strike from the journal entry certain findings of fact.

It appears that the defendant filed its answer and set up an affirmative defense, which consisted of the judgment formerly rendered in cause No. 22611, which judgment was entered on the 17th day of May, 1924, and thereafter became final. This judgment recited in part:

"It is Therefore Ordered, Adjudged and Decreed, that the title of plaintiff to the property above described be, and the same is hereby, quieted as against the defendant, and that the said tax deed asserted by defendant be, and the same hereby is canceled as a cloud upon plaintiff's title and that plaintiff have and recover of and from the defendant the immediate possession of the premises above described, and that defendant, his agents and servants, and all persons claiming under or through them, be, and they are hereby enjoined from exercising possession over, or making any claim of title or right to, said premises; and that plaintiff have judgment for costs; and that upon the payment by plaintiff to the clerk of this court, for the use of the defendant, of the sum of $511 paid by the defendant and applied upon taxes legally chargeable against the property, a writ of possession issue to put plaintiff in possession of said premises."

No reply was filed to the answer of the defendant, and the court rendered judgment on the pleadings.

We have examined the entire record in this case, and have also carefully read the cases cited in the briefs. We think proceedings, in order to entitle the occupying claimant to compensation, must follow the procedure of the statutes relating thereto. The occupying claimant's right is in the nature of an accounting. It is his duty, after the plaintiff has prevailed in his action for ejectment, to then present his claim for improvements.

We are of the opinion that the trial court correctly determined the issues presented by the pleadings.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 31 C. J. p. 313, §14; p. 315, §18; p. 343, §67. (2) 31 Cyc. p. 607.