## REPLOGLE v. VAN PELT.

No. 18693. Opinion Filed Jan. 7, 1930.

Commissioners' Opinion, Division No. 1.

A. W. Harries, J. V. Crawford, and A. G. Nichols, for plaintiff in error.

Logan Stephenson, Ethel M. Profitt, and Jas. M. Shackelford, for defendant in error.

REID, C. The plaintiff, Replogle, brought this suit to recover money, alleged in his petition to be due him by the defendant, Van Pelt, under the following contract:

"Know All Men by These Presents: That whereas, on the 16th day of January, 1911, J. D. Van Pelt, joined by his wife, Johnnie Van Pelt, made, executed and delivered to H. L. Graves a certain oil and gas mining lease covering the following described real estate and premises, situated in Okfuskee county, Okla., to wit:

"The N. E. ¼ of the S. W.¼ and the N. ½ of the S. E. ¼ of sec. 9, and the N. W. ¼ of the N. W.¼ of sec. 16, twp. 12 north, range 11 east, and containing 160 acres more or less.

"And whereas, by the terms of said lease all rentals were paid up to and including the 16th day of January, 1926, a term of 15 years, and when said lease would expire unless the same should be producing oil or gas at that time, and

"Whereas, the said lease was on the 21st day of February, 1914, assigned by the said H. L. Graves to D. Replogle, who is now the owner and holder of said lease, and

"Whereas, the said J. B. Van Pelt, present owner of said described land, wishes to purchase the release of the said lease in order that the said lands may be leased to the Gypsy Oil Company (or other parties) whereby there shall be paid an annual rental;

"Now, therefore, this agreement, witnesseth: That for and in consideration of the sum of $1, in hand paid by the said D. Replogle to the said J. B. Van Pelt, and the surrender of the said lease held by the said D. Replogle, the said J. B. Van Pelt hereby sells, assigns, and sets over unto the said D. Replogle, his heirs and assigns, the cash bonus to be paid for said lease by whomsoever the said Van Pelt shall or may lease the said land, and one-half of all rentals that may be paid on account of any or all oil and gas leases that have been made or may be made by the said J. B. Van Pelt, his heirs, or assigns, upon the above-described real estate and premises until and including the 16th day of January, 1926, the said J. B. Van Pelt hereby authorizes and directs the Gypsy Oil Company (or any other lessee now or in the future) to pay to the said D. Replogle, as the same may become due, one-half of the cash rentals provided for in any lease affecting the said premises above described."

The plaintiff further alleges that, on October 30, 1925, the defendant and his wife made and delivered to one Joseph M. Wren an oil and gas lease for a term of five years, covering 130 acres of land included in said contract, and received a cash bonus of $2,200 therefor; that, under the terms of the contract made by the defendants, plaintiff was entitled to such bonus; defendant had

refused payment of the same to plaintiff, and for which he prayed judgment.

The allegations in the amended answer of the defendant material to the question here involved, stated that, acting under the contract he made with plaintiff, he, on October 22, 1915, made to one Barrett an oil and gas lease on the land described in the contract, which lease was for a term of ten years, and provided for the payment of annual rentals of $160; and which lease was thereafter assigned by Barrett to the Gypsy Oil Company; that the cash consideration for such lease was paid to plaintiff, and thereafter year by year one-half of the delay rentals, $80, was paid plaintiff during the life of such lease, until October 22, 1925; which sums so paid were one-half of all the delay rentals paid on the land up to and including the 16th day of January, 1926, the expiration date of the contract. The allegations of his answer were to the effect that by the payment to plaintiff of the consideration for the Barrett lease and one-half the delay rentals, thereafter collected by him during the life of his contract with plaintiff, his obligation under the contract was extinguished; and that the bonus received from the Wren lease was not due plaintiff under the contract. There were other matters pleaded in the answer; but, with our view of the case, it is not necessary to consider them. No reply was filed by the plaintiff to this answer.

The plaintiff moved for judgment on the pleadings, and this was denied. The defendant then moved for judgment, and judgment was entered for the defendant that the plaintiff take nothing; and the plaintiff appealed.

The plaintiff contends that the court erred in not rendering judgment on his motion, and also erred in sustaining defendant's motion and entering judgment on the pleadings against plaintiff.

The plaintiff's petition having stated a cause of action, if defendant's answer offered no defense, then plaintiff was entitled to judgment on his motion. But if defendant's answer stated new matter constituting a complete defense to the petition, then it was proper for the court to overrule plaintiff's motion, and then, on motion of defendant, in the absence of any reply by plaintiff, to go further and render judgment upon defendant's motion. Section 281, C. O. S. 1921. This conclusion as to the proper practice has been sustained by this court in several cases. Baker v. Van Ness & Co.,

25 Okla. 34, 105 Pac. 660. In the syllabus of Scott v. Woods Lumber Co., 86 Okla. 185, 207 Pac. 449, it was said:

"A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material facts? And, if no issue of material fact is presented by the pleadings (2) which party is entitled to the judgment?"

In the case of Feenburg v. Tulsa Chamber of Commerce, 128 Okla. 134, 261 Pac. 950, the court in the syllabus stated the rule in this language:

"Where the defendant in his answer alleges new matter constituting a complete defense to the action, and no reply is filed thereto, it is not error for the court to render judgment on the pleadings."

And in the case of Hastings v. Hugo Nat. Bank, 81 Okla. 189, 197 Pac. 457, the court clearly stated in the syllabus the principle we need here, in this language:

"Where an action is based upon a written instrument and the answer contains facts sufficient to constitute a defense to such instrument, and plaintiff's demurrer being overruled, he refuses to plead further, but elects to stand on demurrer, and motion for judgment on the pleadings, it is not error to overrule motion for judgment in favor of plaintiff, but is proper for the trial court in such cases to render judgment in favor of defendant."

So that plaintiff, though pleading a case, if the defendant answered with a defense of new matter, was required to reply; otherwise, there was no issue in plaintiff's favor made by the pleadings. The plaintiff charged that the defendant answered, admitting, in effect, that he did not, but said that he paid the bonus received from the Barrett lease, which was the first one made after the contract was executed, and that was the only bonus plaintiff was entitled to under the contract.

When we examine the briefs of the parties, we find they seem to agree that the word "bonus," as used in the contract, would cover the cash payments made by the lessees, Barrett and Wren, respectively, at the times they got their leases. But the issue arises upon the claim by plaintiff that under the contract he was entitled to **both bonuses,** and the defendant saying in his pleading that plaintiff was entitled to only the **first bonus,** and which plaintiff had been paid. We are thus called on for our conclusion upon the one issue and question in the case.

We see no reason to herein parse or otherwise make a grammatical dissection

of the controverted paragraph of this contract. But we have considered it, and conclude that the defendant, Van Pelt, in agreeing that plaintiff Replogle should have "the **cash bonus** to be paid for said lease by whomsoever the said Van Pelt shall or may lease the said land" only bound himself that Replogle should have but the one bonus from a lease then in contemplation, and which applied to the Barrett lease, and that the contract could not also apply to the Wren lease which was executed ten years thereafter and only a very short time prior to the expiration of the contract, and which lease in term covered a much longer period than the contract.

Under the pleadings, as they stood at the time defendant's motion was sustained, plaintiff must be held as admitting the receipt of the bonus from the Barrett lease, which, under the answer of defendant, was made on October 22, 1915. He was therefore not entitled to the bonus from the Wren lease for which he sued. It follows that the court did not err in sustaining defendant's motion for judgment on the pleadings. The case is affirmed.

TEEHEE, LEACH, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.